IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH DAVIS,

       Plaintiff,

      v.

NURSE GARIL; K. DEEN, Grievance Officer;
DR. WAHL; FENTON, Health Care Unit
Administrator; CHRISTINE BROWN, Health
Care Unit Administrator; OFFICER GEORGE;
LT. HUBLER; LT. COILLER; WARDEN
RANDY DAVIS; FENTON, Correctional
Officer; PAULSMEYER, Counselor;
EPLINEL, Maintenance Supervisor; and
ARVAI, Correctional Officer,

       Defendants.

Case No. 12-cv-36-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In addition to damages, Plaintiff seeks injunctive relieve against the individual defendants in their official capacities pursuant to *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).  Plaintiff claims that Dr. Wahl initially failed to provide him sitz baths in the Health Care Unit ("HCU") for his hemorrhoids as ordered by one of Plaintiff's prior doctors and instead instructed him how to conduct them in his cell with warm water and a washcloth.  When this did not relieve Plaintiff's pain, Dr. Wahl ordered the sitz baths in the HCU.  Nurse Garil then took him off the sitz baths in the HCU because he could conduct them in his cell.  Actually, Plaintiff could not conduct the sitz baths in his cell because he had no hot water.  He complained to Defendants Brown, Paulsmeyer, Eplinel, K. Deen, George, Coiller, Arvai, Fenton, Hubler and Davis, but they did not rectify the situation.  Defendant Brown

responded that he could conduct sitz baths in his cell and to contact correctional staff if his hot

water did not work.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of

the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has

articulated colorable federal causes of action:

**Count 1:**      A claim against Defendant Garil, Wahl, Brown, Fenton (HCU Administrator), George, Arvai, Hubler, Coiller, Paulsmeyer, Eplinel, Davis, D. Keen and Fenton (C/O) for deliberate indifference to medical needs in violation of the Eighth Amendment for failure to provide sitz baths in the HCU; and

**Count 2:**      A claim against Defendant Eplinel for deliberate indifference to health and safety needs in violation of the Eighth Amendment for failure to provide hot water in Plaintiff's cell.

Plaintiff also makes passing reference to his Fourteenth Amendment equal protection

rights and his Fifth and Fourteenth Amendment due process rights but fails to articulate a claim

for violation of those rights.

Defendant Wahl is dismissed from Count 1 with prejudice for the following reason:

- Plaintiff makes no allegations plausibly suggesting a right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dr. Wahl responded to Plaintiff's medical complaints and adjusted treatment recommendations after learning past recommendations were not satisfactory.  These allegations do not plausibly suggest Dr. Wahl knew of and disregarded Plaintiff's medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants Fenton (HCU Administrator), George, Arvai, Hubler, Coiller, Paulsmeyer,

Eplinel, Davis, D. Keen and Fenton (C/O) are dismissed from Count 1 without prejudice for the

following reasons:

- A Defendant is generally not liable for the misdeeds of others simply because he knew about them. "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). While these defendants knew about Plaintiff's complaints about his medical care, no allegation suggests they caused or contributed to any constitutional violation involving that care;

- A Defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* There is no allegation against Paulsmeyer other than the denial of grievances.

    Defendant Eplinel is dismissed from Count 2 without prejudice for the following reason:

- Plaintiff makes no allegations plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nothing Plaintiff alleges plausibly suggests Eplinel knew of and disregarded Plaintiff's health and safety needs posed by not having hot water in his cell. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## Pending motion

The Court **GRANTS** Plaintiff's motion to correct the names and job titles of several defendants (Doc. 7). The Court **DIRECTS** the Clerk's Office (1) to terminate Garil K. Deen and add Nurse Garil and K. Deen as separate defendants and (2) to add C/O Fenton as a defendant.

## Disposition

The following defendants are **DISMISSED** from this action **without prejudice**:

        Wahl
        Fenton (HCU Administrator)
        George
        Arvai
        Hubler
        Coiller
        Paulsmeyer
        Eplinel
        Davis
        D. Keen
        Fenton (C/O)

The following defendants remain in the instant action:

        Garil
        Brown

The Clerk of Court shall prepare for Defendants **GARIL** and **BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 5, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**