IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:12-cv-00036-JPG-PMF |
| NURSE GARIL, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment, filed by defendant Christine Brown (Doc. No. 52). Plaintiff Joseph Davis is proceeding under § 1983 on Count 1, challenging the conditions he experienced during his confinement at Pinckneyville Correctional Center. As to defendant Brown, he claims that she violated the Eighth Amendment's prohibition against cruel and unusual punishment by responding to his serious medical need for sitz baths with deliberate indifference (Doc. No. 9).

Brown seeks summary judgment in her favor, arguing that the evidence could not support a finding that she acted with a culpable state of mind or that she is entitled to qualified immunity. The motion is opposed by Davis, who maintains that Brown overruled a doctor's treatment decision or facilitated and turned a blind eye to a nurse's decision to change the doctor's treatment plan in order to provide treatment known to be ineffective (Doc. No. 60).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

I.     **Culpable State of Mind**

Brown acted with deliberate indifference if she consciously disregarded a known and substantial risk of harm. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

In support of her position that the facts could not support a finding that she responded to Davis's medical needs with a culpable state of mind, Brown submits Davis' deposition testimony, her affidavit, excerpts from Davis' medical records, and a memorandum prepared on February 4, 2011. Davis responds that Brown's job duties include ensuring that inmates receive access to health care services. He points out that mandatory call passes were issued so that he could receive sitz baths in the health care unit as planned and directed by his treating physician.[1] Davis is familiar with sitz baths, which involve soaking in a tub filled with medicated hot water. At the time this treatment was ordered, Davis could not give himself a sitz bath in his cell. When Davis complained, Brown reviewed Davis's concerns along with his medical records and prepared a memo suggesting that his concerns lacked merit because he could attempt to have the hot water in his cell restored and then take a sitz bath in his cell (Doc. No. 53-3, p. 59).

Brown has not pointed to facts demonstrating that she did not respond to Davis's concerns about being blocked from prescribed sitz baths with a culpable state of mind. Accepting Davis's version of the facts as true, Brown either took steps to block his access to prescribed medical services knowing that those services were only available in the health care unit or substituted her own judgment regarding Davis's treatment needs for that of the treating physician. A reasonable jury could view this type of interference with a doctor's prescribed

---

[1] For purposes of this motion, the Court accepts Davis's position that Dr. Wahl ordered that sitz baths be obtained in the health care unit, that call passes were issued for the purpose, and that Davis was turned away when he attempted to obtain those services.

treatment as deliberate indifference. *See Gil v. Reed*, 381 F.3d 649, 663 (7th Cir. 2004)(refusal to follow specialist's advice creates a genuine issue for trial on the defendant's state of mind).

## II.    Qualified Immunity

Brown also seeks judgment in her favor on the defense of qualified immunity because she acted reasonably and would not know that the allegations against her would subject her to liability. Davis counters that his version of the facts would support a finding that Brown acted unreasonably by altering prescribed treatment in a way known to be ineffective.

In considering whether a defendant is entitled to qualified immunity on the § 1983 claim, the Court considers (1) whether the defendant violated plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Brown's discussion of this defense is not well-developed. She may be relying on the decision in *Johnson v. Doughty*, 433 F.3d 1001, 1010-1012 (7th Cir. 2006). In that case, it was decided that a non-medical official (an assistant warden) did not act with a culpable state of mind when he failed to respond to a medical complaint by the plaintiff, who was under the care of a prison doctor. The Court is not persuaded that the decision in *Johnson* insulates Brown from liability in these particular circumstances, where evidence permits a finding that Brown is a medical defendant who blocked access to prescribed treatment or substituted her own opinion for that of Davis's treating physician.

## III.   Conclusion

IT IS RECOMMENDED that Christine Brown's motion for summary judgment (Doc. No. 52) be DENIED.

SUBMITTED:  **January 5, 2015**  .

                                       s/Philip M. Frazier
                                       **PHILIP M. FRAZIER**
                                       **UNITED STATES MAGISTRATE JUDGE**