IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH DAVIS,

    Plaintiff,

v.

NURSE GARIL; K. DEEN, Grievance Officer; DR. WAHL;
FENTON, Health Care Unit Administrator; CHRISTINE BROWN,
Health Care Unit Administrator; OFFICER GEORGE; LT.
HUBLER; LT. COILLER; WARDEN RANDY DAVIS; FENTON,
Correctional Officer; PAULSMEYER, Counselor; EPLINEL,
Maintenance Supervisor; and ARVAI, Correctional Officer,

    Defendants.

Case No. 12-cv-36-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Nurse Garil's motion for summary judgment (Doc. 55) and deny plaintiff Joseph Davis' motion for default judgment (Doc. 58). Davis has filed a motion for reconsideration (Doc. 74), which the Court construes as an objection to the Report, and Nurse Garil (answering as Brenda Gale) has responded to the motion (Doc. 77), which the Court construes as a response to Davis' objection.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Davis was an inmate at Pinckneyville Correctional Center at all relevant times. He had a

medical need for sitz baths. On January 7, 2011, Nurse Garil refused to allow Davis a sitz bath at the Health Care Unit and instead instructed him to perform warm soaks in his cell. Magistrate Judge Frazier found in his Report that no reasonable jury could find Nurse Garil was deliberately indifferent to Davis' medical need for sitz baths. The evidence showed that in refusing to provide Davis a sitz bath in the Health Care Unit, Nurse Garil was acting consistently with medical orders given by Dr. Wahl that Davis should perform warm soaks in his cell using a washcloth and hot water. Magistrate Judge Frazier further found default judgment against Nurse Garil was not an appropriate sanction for delayed service on Davis of the exhibits to her summary judgment motion.

In his objection, Davis points to evidence that at some point, after ordering him to perform warms soaks in his cell, Dr. Wahl changed her medical order once she learned Davis did not have hot water in his cell. Instead of warm soaks in Davis' cell, she ordered sitz baths in the Health Care Unit. In fact, the Court granted Wahl summary judgment in another case (No. 10-cv-971-JPG-PMF, Doc. 122) on Davis' Eighth Amendment claim against her in part based on this change in medical orders.

The Court has reviewed Magistrate Judge Frazier's recommendation as to Nurse Garil's motion for summary judgment *de novo* and finds the Report is correct. Viewed in Davis' favor, the evidence shows that on January 4, 2011, Dr. Wahl told Davis to come to the Health Care Unit for sitz baths, but she wrote in Davis' medical file "Warm soaks BID in HU," that is, that he should perform warm soaks twice a day in the housing unit. On January 15, 2011, Davis grieved that treatment, and on January 24, 2011, the sitz bath order was restored by a different doctor. Nevertheless, the evidence shows that, at the time Nurse Garil refused to allow Davis a sitz bath in the Health Care Unit, she relied on the written record of Dr. Wahl's order that Davis perform a

warm soak in his cell, not a sitz bath in the Health Care Unit.  No reasonable jury could find from this evidence that Nurse Garil was deliberately indifferent to Davis' medical needs; she was simply following the reasonable written, treatment plan of a more senior medical authority.

The Court has reviewed Magistrate Judge Frazier's recommendation as to Davis' motion for default judgment for clear error and finds none.

Accordingly, the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 72);

- **DENIES** Davis' motion for reconsideration (Doc. 74);

- **GRANTS** Nurse Garil's motion for summary judgment (Doc. 55);

- **DENIES** Davis' motion for default judgment (Doc. 58); and

- **DIRECTS** the Court to enter judgment accordingly at the close of the case.

The Court further notes that Magistrate Judge Frazier is in the process of recruiting counsel for Davis for the trial of this case.  The Court **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before May 15, 2015.

**IT IS SO ORDERED.**
**DATED:  March 3, 2015**

                                  s/ J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **DISTRICT JUDGE**